IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NO.  3:23-CR-149 |
| | : | |
| DAMIEN BOLAND, | : | |
| ALFRED ATSUS, | : | |
| JOSEPH ATSUS AND | : | JUDGE MANNION |
| NICHOLAS DOMBEK | : | |
| | : | |
| Defendants. | : | ELECTRONICALLY FILED |

### DEFENDANTS' STATUS REPORT

### INTRODUCTION

The Court scheduled an in-person Status Conference for Tuesday, August 13, 2024, at 11:00 A.M.  Defense counsel[1] submit the following report in furtherance of the Court's assessment of the status of the action.  Trial is scheduled for September 23, 2024. *See* Scheduling Order of March 11, 2024 (ECF 77.).

### BACKGROUND

**A. Crimes Charged and Elements of Proof**

On June 6, 2023, a thirteen-count Indictment was entered against Defendants Joseph Atsus, Alfred Atsus, Damien Boland, and Nicholas Dombek. (ECF 1.) Count 1 charges a conspiracy, 18 U.S.C. §371, to commit Theft of Major Artwork, 18

---

[1] Defense counsel for Damien Boland, Alfred Atsus, and Joseph Atsus.

U.S.C. § 668(b)(1), Concealment and Disposal of Major Artwork 18 U.S.C. § 668(b)(2), and Transportation of Stolen Property, 18 U.S.C. § 2314. The conspiracy is alleged to have run for twenty years. Counts 2-12 assert violations of 18 U.S.C. § 668(b) and Count 13 asserts a violation of 18 U.S.C. § 2314.

The counts alleging Major Art Theft have a unique set of elements of proof among which are the following: that each item is an object of cultural heritage such that it is either over 100 years old and worth in excess of $5,000, or worth at least $100,000. *See* 18 U.S.C. §668.

These essential elements require testimony and physical evidence as to the age and worth of the stolen items.

**B. Discovery Process**

The Government has accommodated the defense by providing over twenty thousand pages of documents, hundreds of audio and video recordings, the opportunity to inspect the physical evidence, and the chance to inspect some of the *Jencks* statements. The defense applauds the Government's transparency in the spirit of *Brady v. Maryland*, 373 U.S. 83 (1963). The Government's transparency is uncommon and healthy in the pursuit of justice.

| Date of Production | Description |
|---|---|
| 7/13/2023 | Government Document Production |
| 7/14/2023 | Government Document Production |
| 7/14/2023 | *Jencks* Material Inspected |

| **Date of Production** | **Description** |
|---|---|
| 7/19/2023 | *Jencks* Material Inspected |
| 7/27/2023 | *Jencks* Material Inspected |
| 9/12/2023 | Government Document Production |
| 1/10/2024 | Government Document Production |
| 3/25/2024 | FBI Transcripts to Video Discovery with DOJ's Cheat Sheet |
| 5/15/2024 | Government Document Production |
| 5/22/2024 | Inspection of Physical Evidence in Philadelphia FBI Office |

As of the date of the Status Conference—August 13, 2024—the parties will be 40 days from trial. Although the Government has been pro-active regarding discovery, it is concerning to the defense that expert reports and critical evidence necessary for the essential elements of proof have not been provided.[2] *See* the defense's letter to the Government dated July 31, 2024, requesting supplemental discovery attached hereto as Exhibit "A."

If this matter were a drug case (21 U.S.C. § 841), one would anticipate at the time of the grand jury presentation a laboratory report verifying the category of the controlled substance. If it were a firearms prosecution (18 U.S.C. § 922(g)), a ballistics report and projected expert testimony would be obtained before charging the defendant. Likewise, in bank robbery case (18 U.S.C. § 2113), a certificate of insurance from the federal deposit insurance corporation would be a fundamental

---

[2] Note: the defense filed a motion and supporting brief to exclude expert reports pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and FRE 702. *See* (ECF 17 & 18.)

3

item expected in the initial discovery. No such expert report has been provided regarding the worth of the stolen property.

## 1. Evidence and Expert Reports; Request of Subpoenas Duces Tecum

Effective representation requires the defense to acquire the fundamental information necessary to effectively test the evidence related to the elements of the offense. The instant matter is one year from indictment, and approximately six weeks from picking a jury. Delay in the receipt of this evidence is untenable for effective trial preparation by the defendants. Further, without this evidence, the defense is unable to obtain an expert review of the age, worth, and origin of the stolen items.

The defense asks the Court to approve the issuance of Fed. R. Crim. P. 17(c) subpoenas duces tecum which are attached hereto as Exhibit "B." The subpoenas are directed to the facilities identified in the Indictment. They are specifically narrowed to require production of the information directly related to essential elements of the crime charged. This request is authorized by the Sixth Amendment to the United States Constitution and Fed. R. Crim. P. 17(c).[3] All records received from the subpoenas will be shared with the United States.

---

[3] Chief Justice John Marshall noted the importance of the defendant's right to exercise "compulsory process for having witnesses in his favor" pursuant to the Sixth Amendment. *United States v. Burr*, 25 F. Cas. 187, 191 (1807); *see also*, *United Sates v. Nixon*, 418 U.S. 683, 700 (1974) (a three-part test for determining

**C. Stipulations**

In an effort to streamline the trial, the defense offers to stipulate to the DNA and fingerprint evidence.

**D. Production of Expert Reports, 404(b) Past Bad Acts Evidence, Transcripts of Recordings, and Other Obligations**

It is anticipated that the Court will inquire about the other essential items related to criminal trial preparation. The defense submits the following items for the Court's and Government's consideration:

1.) **Expert reports.** It is requested that the Court set a time for production of the Government expert reports after which admission of the evidence is prohibited. Fed. R. Crim. P. 16(a)(1)(G)(ii).

2.) **Past bad acts evidence and 404(b).** It is requested that the Court set a time by which the Government produces this evidence after which such evidence is prohibited.

3.) **Transcripts of recordings.** It is requested that the Court set a time by which the Government produces such aids to the evidence of recordings. The index of transcripts provided to the defense by the Government is attached hereto as Exhibit "C."

---

whether a subpoena should be authorized: (1) relevancy; (2) admissibility; and (3) specificity.)

4.) **Jury questionnaire.** The Court currently has under its consideration whether it will authorize a questionnaire. The Government will provide its position on this issue shortly. The defense seeks consideration by the Government of an agreed-upon questionnaire. If the Government is in support of the concept, but wishes modifications, the defense would support a modification to the current draft of the questionnaire.

5.) **Jury instructions.** This Court's historical practice encourages the parties to seek agreement on joint jury instructions. Research conducted by the defense on instructions in Major Art Theft prosecutions reveals a dearth of appellate guidance. The Court's customary practice of directing the parties to submit proposed jury instructions prior to trial is anticipated.

6.) *Jencks* **Statements.** As indicated above, the Government permitted defense counsel to inspect some of the *Jencks* statements. The projected length, scope, and complexity of this trial involving four defendants necessarily involves considerable dedication by the jurors and Court. Early circulation of the *Jencks* statements will enhance the efficiency of the witness examinations, and will result in limiting lost in-courtroom time. The defense requests the Government provide copies of the *Jencks* statements two weeks before the trial in order to improve judicial efficiency.

7.) **Government's evidence at trial pursuant to Fed. R. Crim. P. 12(b)(4)(B).** The defense requested that the Government identify the evidence it intends to use at trial. In particular, the trial presentation and judicial efficiency would be enhanced by the Government's notification of which of the many audio recordings the prosecution intends to use at trial.

8.) **Government Discontinuance of Thomas J. Trotta Jr. as a Cooperating Witness.** The Government discontinuance of Thomas J. Trotta Jr. as a cooperating witness by the Northern District of New York U.S. Attorney's Office and the District of New Jersey U.S. Attorney's Office is significant evidence going to credibility of the Government's lead witness. *See* F.R.E. 607 and 608. On June 20, 2019, Assistant U.S. District Attorney Shira C. Hoffman, Northern District of New York wrote the following to Lackawanna County Assistant District Attorney C.J. Rotteveel[4]:

> I'm writing regarding Thomas Trotta's recent admission that he burgled a jewelry store in Duchess County, NY, while on bail and while serving as a cooperator in your investigation. The U.S. Attorneys' Offices for the Norther District of New York and the District of New Jersey, as well as the FBI's Albany and Newark divisions, believe that in light of Mr. Trotta's recent criminal activity, the risks of continuing to use Mr. Trotta as an active cooperator outweigh any additional benefit to our ongoing investigations.

---

[4] The following people were copied on the email: Assistant U.S. Attorney for the District of New Jersey Joshua Haber, FBI Special Agents Joanne Q. Sills, Michael E. Dwyer, and Jason M. Hardy.

7

> We have heard conflicting information from the state police and from Mr. Trotta's attorney regarding the status of Mr. Trotta's bail. However, our offices believe that Mr. Trotta is likely to continue to commit burglaries if allowed to remain out on bail, and fully support Mr. Trotta's detention. I would appreciate any information you can provide clarifying what your plans are with respect to Mr. Trotta's continued release or detention.

*See* Exhibit "D."

The defense does not have Thomas J. Trotta Jr.'s proffer letters, cooperation agreements, and cooperation addendum with the law enforcement agencies.[5] This evidence is material to the credibility and bias of Mr. Trotta as a witness. *See United States v. Bagley*, 473 U.S. 667, 684 (1985); *Kyles v. Whitley*, 514 U.S. 419, 435 (1995); and *Banks v. Dretke*, 540 U.S. 668, 701 (2004) ("This Court has long recognized the 'serious question of credibility' informers pose."). The defense requests all documents related to Mr. Trotta's discharge as a cooperator, and any documents related to the Government effectuating, or attempting to effectuate, leniency in criminal investigations and prosecutions on behalf of Mr. Trotta. *See Giglio v. United States*, 405 U.S. 150, 154 (1972).

---

[5] The agencies include the Northern District of New York, the District of New Jersey, and the Middle District of Pennsylvania U.S. Attorney offices and related FBI offices. Also, included are the Pennsylvania, New York, and New Jersey State Police.

Respectfully submitted,

/s/Jason J. Mattioli
Jason J. Mattioli
The Mattioli Law Firm
425 Biden Street, Suite 300
Scranton, PA 18503
(570) 880-7389

*Attorney for Defendant, Alfred Atsus*

/s/Matthew L. Clemente
Matthew L. Clemente
88 N. Franklin Street
Second Floor
Wilkes-Barre, PA 18701
(570) 266-8986

*Attorney for Defendant,
Damien Boland*

/s/ Patrick A. Casey
Patrick A. Casey
Myers, Brier & Kelly, LLP
425 Biden Street, Suite 200
Scranton, PA 18503
(570) 342-6100

*Attorney for Defendant, Joseph Atsus*

Date: August 9, 2024

# **CERTIFICATE OF SERVICE**

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Defendants' Status Report was served upon the counsel of record via the Court's ECF system on this 9th day of August 2024:

>James Buchanan, Esquire
>United States Attorney's Office
>235 North Washington Avenue
>Suite 311
>Scranton, PA 18501
>
>Ernest D. Preate Jr., Esquire
>120 South State Street
>Clarks Summit, PA 18411

>/s/ Patrick A. Casey
>Patrick A. Casey